UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. CASTILLO,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>C. JOHNSON, ET AL.,<br><br>　　　　　　Defendants. | Case No. EDCV 18-2187-VAP (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Jose L. Castillo ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On October 15, 2018, Plaintiff filed a complaint ("Complaint") against C. Johnson and various unnamed defendants ("Defendants"). ECF Docket No. ("Dkt.") 1. Although not entirely clear, the Complaint appears to set forth claims of excessive force and deliberate indifference to serious medical needs arising out of an incident on October 14, 2016 while Plaintiff was incarcerated. Id.

According to the Complaint, Plaintiff was on a bus being transferred from Metropolitan Correctional Center, San Diego to Federal Correctional Institution, Victorville ("FCI Victorville") on October 14, 2016. Dkt. 1. After arriving at FCI Victorville and getting off the bus, Plaintiff was "brutally assaulted" by the FCI Victorville bus driver" and "other Victorville staff." Id. at 2. "As soon as [Plaintiff] was taken off the bus, the bus driver took [Plaintiff's] attorney's business card . . . and threw it behind him stating 'you are not going on my bus with that'". Id. at 6. Plaintiff then "reminded [the bus driver] that it was not 'his' bus but an institutional bus. [The bus driver] then pulled out a knife[,] opened it, held it with his right hand and grabbed [Plaintiff's] jump suit collar with his left hand. [Plaintiff] was shocked/scared and tried to move back, away from him." Id. The bus driver grabbed Plaintiff and twisted his arms and pushed his face "towards the front grill of a parked bus, away from the other inmates who had started to yell at him to stop hurting [Plaintiff]." Id. The "other assailants" then came behind Plaintiff and "slamm[ed] [Plaintiff] against the front of the blistering hot bus grill. One of them was grabbing the back of [Plaintiff's] neck slamming [his] face to the hot grill; another was kicking [his] ankle shackles while [Plaintiff's] arms were being twisted upwards behind [his] back; someone was simultaneously hitting [Plaintiff's] back". Id. Afterwards, while Plaintiff "was dragged to the Victorville bus" he "told them that [he] had lost [his] right rubber sandal" at which point a "heavy-set Latino said 'oh yeah?' then purposely stomped [Plaintiff's] right foot."

Plaintiff claims he was "den[ied] medical assistance" and "still suffer[s] lingering consequences" from this incident. Dkt. 1 at 2.

The Complaint does not include a demand for relief. See Dkt. 1.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is

2

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

### A. THE COMPLAINT FAILS TO COMPLY WITH RULE 10(a)

#### 1. Applicable Law

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

#### 2. Analysis

Here, the Court cannot determine from the complaint "who is being sued, [and] for what relief". McHenry, 84 F.3d at 1178. In the caption of the Complaint, Plaintiff lists "C. Johnson, et al." as defendants. See Dkt. 1. Later in the body of the Complaint, Plaintiff identifies a number of unnamed actors who allegedly assaulted him, but does not identify any individuals as defendants to this action. Id. Then, in the exhibits attached to the Complaint, which Plaintiff relies on as his "statement of

4

facts", Plaintiff identifies other actors, each unnamed, who allegedly assaulted him or refused to treat him for injuries. Id. at 4-26. As a result of these inconsistencies, it is unclear who Plaintiff is suing.[1]

Accordingly, the Complaint fails to comply with Rule 10(a). If Plaintiff chooses to file an amended complaint, he must clarify which defendants he is suing.

**B.  THE COMPLAINT FAILS TO COMPLY WITH RULE 8**

**1.  Applicable Law**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing the "court to draw the reasonable

---

[1] While Plaintiff has not identified whether he wishes to sue Defendants in their official or individual capacity, any claim in an amended complaint against federal agencies or federal agents in their official capacity will be subject to dismissal. See FDIC v. Meyer, 510 U.S. 471, 486, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994) (holding that Bivens action is not available against federal agencies); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (holding that Bivens action is not available against federal agents in their official capacity).

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, a complaint must contain "a demand for relief sought which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Accordingly, a court may dismiss the complaint if it violates Rule 8. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

### 2. Analysis

Here, the Complaint prevents the Court, and Defendants, from deciphering the factual and legal basis for each defendants' alleged liability. See Clayburn v. Schirmer, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) ("The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." (citing McHenry, 84 F.3d at 1177)). Although Plaintiff points the court to "attached supporting documents for further details such as statement of facts", including his previous requests for administrative remedy and for medical assistance, the Complaint itself leaves the Court with barebones allegations of an assault from which the Court cannot determine who the defendants are and what specific law(s) each defendant violated. See id. Accordingly, Plaintiff does not set forth a "short and plain statement" of his claims. Dura Pharms., Inc., 544 U.S. at 346.

While Plaintiff may be alluding to claims of excessive force and deliberate indifference violations, he fails to provide any specific facts regarding what alleged actions taken by each defendant resulted in a violation of these constitutional rights. Absent specific allegations identifying what actions each defendant took against Plaintiff and how such action violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. Ultimately, unclear pleadings, like the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," are subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).

Additionally, the Complaint does not include "a demand for relief sought", as required by Federal Rule of Civil Procedure 8(a)(3).

As such, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177. If Plaintiff chooses to file an amended complaint, he must (1) identify the legal and factual basis for each defendants' alleged liability, and (2) identify his demand for relief.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a signed First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff**

**leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: October 25, 2018

*/s/ Kenly*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge