|  |  |
|---|---|
| JOSE L. CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>C. JOHNSON, ET AL.,<br><br>Defendants. | Case No. EDCV 18-2187-VAP (KK)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I.

## **INTRODUCTION**

Plaintiff Jose L. Castillo ("Castillo"), proceeding pro se and in forma pauperis, filed a Second Amended Complaint ("SAC") pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). For the reasons discussed below, the Court dismisses the SAC with leave to amend.

## II.

## **BACKGROUND**

On October 15, 2018, Castillo filed a Complaint against C. Johnson and various unnamed defendants. ECF Docket No. ("Dkt.") 1. Although not entirely clear, the Complaint appeared to set forth claims of Eighth Amendment excessive force and deliberate indifference arising out of an incident on October 14, 2016 while

Castillo was being transferred from Metropolitan Correctional Center, San Diego ("MCC San Diego") to Federal Correctional Institution, Victorville ("FCI Victorville"). Id.

On October 25, 2018, the Court dismissed the Complaint with leave to amend. Dkt. 7.

On November 28, 2018, Castillo filed a First Amended Complaint ("FAC") against defendants C. Johnson, three unnamed correctional officers, Warden C. Entzel, and an unnamed health services administrator in their individual and official capacities. Dkt. 12. The FAC again set forth claims of Eighth Amendment excessive force and deliberate indifference arising out of the October 14, 2016 incident. Id.

On December 28, 2018, the Court dismissed the FAC with leave to amend. Dkt. 13.

On March 25, 2019, Castillo filed the SAC against defendants C. Johnson, three unnamed correctional officers, and an unnamed health services administrator[1] (collectively, "Defendants") in their individual capacity. Dkt. 19. Although not entirely clear, the SAC appears to set forth claims of Eighth Amendment excessive force and deliberate indifference arising out of the October incident. Dkt. 19 at 3. In the SAC, Castillo alleges the following:

- Defendant Johnson was "apparently assigned to the transporting of inmates from arriving buses to [the] prison";

---

[1] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Castillo is unaware of the true names of the unnamed Doe defendants, Castillo will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing the deficiencies identified below. Castillo is cautioned that, if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, No. 09-00316 ACK-BMK, 2009 WL 2591370, at *3 (D. Haw. Aug. 24, 2009); Williams v. Schwarzenegger, No. Civ S-05-0838 DFL CMK P, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

2

- Defendant unnamed correctional officer one ("Doe One") was "the instigator who initially assaulted [Castillo] while shackled at [the] wrists and ankles";
- Defendant unnamed correctional officer two ("Doe Two") was "assisting the transporting of inmates";
- Defendant unnamed correctional officer three ("Doe Three") "stomped [on Castillo's] bare foot while throwing [him] on the bus"; and,
- Defendant unnamed health services administrator ("Doe Four") was "in charge of [the] Health Services Department at FCI Victorville. She colluded with others to initially not document . . . [Castillo's] injuries then was really upset at [Castillo] . . . after Dr. Hernandez requested that they backtrack [sic] and document [Castillo's] injures. She refused to see [Castillo] . . . multiple times."

Id. at 3-4.

Castillo seeks actual, compensatory, and punitive damages. Dkt. 19 at 6.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff proceeds in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when

evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203

F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A. THE SAC FAILS TO STATE AN EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS JOHNSON, DOE ONE, AND DOE TWO**

**1. Applicable Law**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To determine whether the use of force is excessive, courts are instructed to examine: (1) the extent of the injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; and (4) whether the force was applied in a good faith effort to maintain and restore discipline. Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). As with any Eighth Amendment violation, a plaintiff must allege that the use of force resulted in the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

Moreover, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in another official's use of excessive force. Robins v. Meecham, 60 F.3d 1436, 1441 (9th Cir. 1995) (denying defendants' motion for summary judgment where prison officials failed to intervene when another official fired a shotgun at inmates) (citing Del Raine v. Williford, 32 F.3d 1024, 1038 (7th Cir.

5

1994) ("A failure of prison officials to act in such circumstances suggests that the officials actually wanted the prisoner to suffer the harm."); Buckner v. Hollins, 983 F.2d 119, 123 (8th Cir. 1993) ("Veltrop's failure to intervene in order to stop Buckner's beating . . . would provide an ample basis for a jury to conclude that Veltrop . . . violated Buckner's Eighth Amendment rights.")).

**2. Analysis**

Here, Castillo fails to state an Eighth Amendment excessive force claim against defendants Johnson, Doe One, and Doe Two. The Court acknowledges Castillo has cured the FAC's deficiency of suing defendants Johnson, Doe One, and Doe Two in their official capacity, as the SAC sues these defendants in their individual capacity only. However, the SAC now presents deficiencies that were not present in the FAC. Specifically, in the SAC, Castillo entirely omits any description of the injury he suffered from the alleged attack while he was transported to FCI Victorville. See Hudson, 503 U.S. at 7. Additionally, as to defendants Johnson and Doe Two, the SAC merely alleges these defendants' job descriptions and does not allege in any way how defendants Johnson and Doe Two used excessive force against Castillo. See dkt. 19 at 3; Iqbal, 556 U.S. at 678. As to defendant Doe One, Castillo simply alleges defendant Doe One "assaulted" him but provides no description of what actions defendant Doe One allegedly took which would constitute assault. See dkt. 19 at 3.

Moreover, although in the section of the SAC entitled "Supporting Facts" Castillo contends he has a "medical record", "communications with various staff", "required exhaustion of administrative remedies", a "witness statement/declaration", and "pictures" that support his claims, Castillo has neither included these supporting documents, nor will the Court presume their existence and content. See dkt. 19 at 5. To the extent any of these supporting documents were attached to Castillo's FAC or Complaint but not attached to his SAC, the Court reminds Castillo, as previously instructed, an amended complaint must be complete without reference to previous complaints or amended complaints, or any other pleading, attachment, or document.

See dkt. 13 at 9. Accordingly, the Eighth Amendment excessive force claims against defendants Johnson, Doe One, and Doe Two are subject to dismissal.

**B. THE SAC FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT DOE FOUR**

**1. Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a deliberate indifference claim, a prisoner plaintiff must allege facts demonstrating the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States,

7

1  838 F.2d 390, 394 (9th Cir. 1988)).  In either case, however, the indifference to the
2  inmate's medical needs must be substantial – negligence, inadvertence, or differences
3  in medical judgment or opinion do not rise to the level of a constitutional violation.
4  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting
5  medical malpractice is not sufficient to establish an Eighth Amendment violation).

### 2. Analysis

Here, Castillo fails to state an Eighth Amendment deliberate indifference claim against defendant Doe Four.  The Court again acknowledges Castillo has cured the FAC's deficiency of suing defendant Doe Four in her official capacity, as the SAC sues defendant Doe Four in her individual capacity only.  However, the SAC now presents deficiencies in Castillo's Eighth Amendment deliberate indifference claim that were not present in the FAC.  Specifically, in the SAC, Castillo omits any description of what objectively serious medical need he was deprived of.  See Wilson, 501 U.S. at 297.  The SAC also fails to allege facts establishing defendant Doe Four was aware of Castillo's serious medical need.  See Peralta, 744 F.3d at 1081.

Moreover, as stated earlier, although in the section of the SAC entitled "Supporting Facts" Castillo contends he has a "medical record", "communications with various staff", "required exhaustion of administrative remedies", a "witness statement/declaration", and "pictures" that support his claims, Castillo has neither included these supporting documents, nor will the Court presume their existence and content.  See dkt. 19 at 5.  To the extent any of these supporting documents were attached to Castillo's FAC or Complaint but not attached to his SAC, the Court reminds Castillo, as previously instructed, an amended complaint must be complete without reference to previous complaints or amended complaints, or any other pleading, attachment, or document.  See dkt. 13 at 9.  Accordingly, the Eighth Amendment deliberate indifference claim against defendant Doe Four is subject to dismissal.

///

# V.
# **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations against the Defendants are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim to pursue this action. However, if Plaintiff asserts a claim in his Third Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use. The Clerk of Court is also directed to mail Plaintiff a copy of his SAC (dkt. 19), FAC (dkt. 12), and Complaint (dkt. 1) for his reference.**

If Plaintiff chooses to file a Third Amended Complaint, he must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or

rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the SAC. **In addition, the Third Amended Complaint must be complete without reference to the SAC, the FAC, the Complaint, or any other pleading, attachment, or document.**

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 10, 2019

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge