UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2187-VAP (KK)** | Date: | December 21, 2020 |
| Title: | *Jose L. Castillo v. C. Johnson, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders

## I.
## INTRODUCTION

On November 10, 2020, Defendant C. Johnson ("Defendant") filed a Motion for Sanctions requesting the Court strike Plaintiff's Third Amended Complaint based on Plaintiff's failure to attend his noticed deposition ("Motion for Sanctions"). ECF Docket No. ("Dkt.") 59. Plaintiff Jose L. Castillo ("Plaintiff") has not filed a timely opposition. See dkt. 66. Instead, Plaintiff filed a "Motion to Waive Plaintiff's Deposition" in which he asks this Court to prevent Defendant from deposing him. Dkt. 61.

On December 1, 2020, Defendant filed a Motion to Dismiss the action on the grounds Plaintiff has failed to prosecute this action or comply with the Federal Rules of Civil Procedure. Dkt. 63. Plaintiff has not filed a timely opposition.

Before ruling on the Motions, the Court will give Plaintiff a final opportunity to show cause why this action should not be dismissed for failure to prosecute and comply with court orders.

///
///
///
///
///

## II.
## DISCUSSION

### A. APPLICABLE LAW

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure authorizes a Court, on motion, to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). Sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(d)(1); 37(b)(2)(A)(i)-(vii).

In addition, "[t]his Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution." Attebery v. Uhl, No. 2:10-CV-01341-MCE, 2012 WL 3150273, at *1 (E.D. Cal. Aug. 1, 2012) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962)); see FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (noting district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders, stating standard applied in dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (applying factors where party failed to comply with discovery orders). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

### B. ANALYSIS

The first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissing this action. Plaintiff has failed to diligently prosecute this action based on his apparent inability or unwillingness to contact Defendant's counsel to meaningfully meet and confer regarding Plaintiff's failure to appear for deposition. This failure to

participate prevents the expeditious resolution of litigation and impedes the Court's need to manage its docket.

The third factor -- prejudice to Defendant -- also weighs in favor of dismissing the action. This case has been pending since Plaintiff constructively filed the Complaint on October 11, 2018. Dkt. 1.  On October 22, 2020, Plaintiff failed to appear for his properly noticed deposition and did not seek a protective order prior to doing so.  Dkt. 59.  The discovery cut-off of November 1, 2020 has now passed, and it appears Plaintiff does not intend to allow Defendant to take his deposition.  See id.  Plaintiff's refusal to be deposed has deprived Defendant "of any meaningful opportunity to follow up on [] time-sensitive information or to incorporate it into litigation strategy."  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Under these circumstances, Plaintiff's refusal to comply with his discovery obligations prejudices Defendant's ability to defend himself and adequately prepare for trial.  See Adriana Int'l Corp., 913 F.2d 1406, 1412 (9th Cir. 1990) ("[R]epeated failure of [plaintiffs] to appear at scheduled depositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case."); Reddy v. Gilbert Med. Transcription Serv., Inc., No. CV 10-0524-JFW (DTB), 2011 WL 13176583, at *6 (C.D. Cal. Feb. 4, 2011), aff'd, 467 F. App'x 622 (9th Cir. 2012) (dismissing case, finding "plaintiff's 'repeated failure to provide [discovery] in a timely fashion [has] prejudiced the ability of [the defendants] to prepare their case for trial'").

The fourth factor -- resolution of cases on their merits -- always weighs against dismissal.  See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).  Under the circumstances of this case, however, the policy favoring resolution on the merits may not outweigh Plaintiff's failure to comply with his discovery obligations.  Id.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissing the action.  It is unclear what, if anything will convince Plaintiff to permit Defendant to take his deposition.

Finally, Plaintiff's failure to meaningfully communicate with Defendant's counsel in order to schedule his deposition or file a motion for protective order before failing to appear at his noticed deposition demonstrates a willful disregard for discovery rules.  See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders.").

### III.
### ORDER TO SHOW CAUSE

The Court, therefore, **ORDERS** Plaintiff to respond **no later than January 4, 2021** by electing one of the following options:

1. File a written response explaining why this action should not be dismissed for failure to prosecute and comply with Court orders.  Plaintiff shall include in his response **five dates**

**between January 1, 2021 and January 14, 2021** where he is available to participate in an in-person or remote deposition by videoconference.[1]

Further, **no later than January 4, 2021**, Plaintiff shall email Defendant's counsel a copy of his written response with the five dates for an in-person or video conference deposition.

2. Alternatively, Plaintiff may voluntarily dismiss this action without prejudice. Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached a Notice of Dismissal form**.

**Plaintiff is expressly cautioned that if he fails to respond to the Court and email Defendant's counsel by January 4, 2021, the Court will dismiss this action with prejudice for failure to prosecute and comply with court orders.** See **FED. R. CIV. P. 41(b).**

---

[1] In light of the current global pandemic involving the Coronavirus Disease 2019 ("COVID-19"), it may not be safe or feasible for Plaintiff to appear for an in-person deposition, particularly in light of other possible alternatives such as a remote deposition by videoconference.