UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. CASTILLO,<br><br>   Plaintiff,<br><br>   v.<br><br>C. JOHNSON, ET AL.,<br><br>   Defendant(s). | Case No. EDCV 18-2187-VAP (KK)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

Jose L. Castillo ("Plaintiff") filed a Third Amended Complaint ("TAC") pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against defendant C. Johnson ("Defendant") and four Doe defendants (collectively, "Doe defendants") in their individual capacity. For nearly six months and after multiple attempts by Defendant to schedule Plaintiff's deposition by videoconference, Plaintiff has repeatedly failed to attend his deposition and timely

prosecute this action. Defendant has now filed a Motion for Sanctions requesting the Court strike the TAC based on Plaintiff's failure to attend his noticed deposition, ECF Docket No. ("Dkt.") 59 ("Motion for Sanctions"), and a Motion to Dismiss the action pursuant to Federal Rule of Civil Procedure Rule 41(b) for Plaintiff's failure to prosecute, dkt. 63 ("Motion to Dismiss," together with the Motion for Sanctions, the "Motions"). For the reasons set forth below, it is recommended that the Court GRANT the Motions and DISMISS this action with prejudice.

## II.

## **BACKGROUND**

**A. COMPLAINT**

On October 15, 2018, Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a Complaint against Defendant and various unnamed defendants arising out of an incident on October 14, 2016 while Plaintiff was being transferred from Metropolitan Correctional Center, San Diego to Federal Correctional Institution, Victorville. Dkt. 1.

On May 3, 2019, Plaintiff filed the operative TAC against Defendant and the Doe defendants in their individual capacity, alleging Eighth Amendment claims based on excessive force and denial of medical care. Dkt. 22.

On May 8, 2019, the Court issued orders requiring service of the TAC on Defendant and ordered Plaintiff to identify the Doe defendants for service.[1] Dkts. 23, 24, 25.

---

[1] On May 8, 2019, the Court issued an order stating "if [Plaintiff] wishes to proceed with his claims against the Doe defendants, he must provide to the Court in writing the names of the Doe defendants **within thirty (30) days from the date of this Order.**" Dkt. 23 (emphasis in original). The Court cautioned Plaintiff that "**failure to serve the Doe defendants within ninety (90) days from the date of this Order will result in the Court dismissing his claims against the Doe defendants.**" Id. (citing FED. R. CIV. P. 4(m)) (emphasis in original). As of the date of this order, Plaintiff has not provided the names of the Doe defendants. Hence, dismissal of the Doe defendants is warranted. See Tabi v. Doe, No. EDCV 18-714 DMG (JC), 2019 WL 5107102, at *6 (C.D. Cal. June 13, 2019), report and

2

1         On April 1, 2020, Defendant filed an Answer. Dkt. 49.

        On April 3, 2020, the Court issued its Case Management Order, setting a discovery cut-off of November 1, 2020. Dkt. 50.

### B. PLAINTIFF'S OCTOBER 2020 DEPOSITION

        On October 6, 2020, Defendant's counsel emailed Plaintiff with proposed dates for Plaintiff's deposition. Dkt. 59 at 7-9, Declaration of David Pinchas in Support of Motion for Sanctions ("Pinchas Sanctions Decl."), ¶ 2. Plaintiff did not respond. Id.

        On October 7, 2020, Defendant's counsel called and emailed Plaintiff again in an attempt find an agreeable date and time for the deposition but was unable to reach Plaintiff. Id., ¶ 2-4.

        On October 8, 2020, Defendant sent Plaintiff a deposition notice via mail and email, setting the deposition for October 22, 2020 in San Diego. Id., ¶ 5. Plaintiff did not respond. Id. ¶ 6.

        On October 14, 2020, Defendant's counsel sent an email to Plaintiff reminding him of the upcoming deposition and asking for confirmation. Id. Plaintiff did not respond. Id.

        On October 17, 2020, Plaintiff emailed Defendant's counsel requesting to be deposed via video and change the date of the deposition. Id. Plaintiff stated he would try to arrange for videoconference capabilities and would try to call Defendant's counsel later that week. Id.

        On October 18 and 19, 2020, Defendant's counsel emailed Plaintiff requesting Plaintiff provide a working phone number to call, and stating if he did not do so by 4 p.m. on October 19, 2020, there would be no change of the date or place of the deposition. Id., ¶ 7. Plaintiff did not respond. Id.

---

recommendation adopted sub nom. Tabi v. Doe No. 1, EDCV 18-714 DMG (JC), 2019 WL 4013444 (C.D. Cal. Aug. 26 2019) (dismissing the action "as against the Doe Defendants without prejudice").

On October 21, 2020, Defendant's counsel emailed Plaintiff again and stated if he did not attend the deposition the next day, Defendant would move for dismissal. Id. Plaintiff responded by email and stated he could not attend the deposition because he did not have internet access. Id., ¶ 8. Defendant's counsel responded informing Plaintiff he would have to attend the deposition personally. Id. Plaintiff then called Defendant's counsel and informed counsel he was in Mexico and unable to come to San Diego for his deposition. Id.

On October 22, 2020, Plaintiff failed to appear for his scheduled deposition. Id., ¶ 10.

## C. DEFENDANT'S MOTION FOR SANCTIONS AND MOTION TO DISMISS

On November 10, 2020, Defendant filed the instant Motion for Sanctions, seeking to dismiss the TAC pursuant to Federal Rule of Civil Procedure 37(d), arguing Plaintiff failed to attend his noticed deposition and cooperate in rescheduling the deposition before the discovery cut-off date. Dkt. 59.[2]

On December 1, 2020, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 41(b), arguing the action should be dismissed because Plaintiff failed to appear for his deposition despite repeated communications and attempts by Defendant's counsel to schedule the deposition. Dkt. 63 at 4-6. Defendant's counsel submitted a declaration in support of the Motion to Dismiss stating Plaintiff advised Defendant's counsel that Plaintiff "ha[d] fled to Mexico and was unwilling to return to the United States because he failed to attend a State Court hearing in San Diego in a criminal matter and there was an outstanding warrant against him." Id. at 5.

---

[2] On November 12, 2020, Plaintiff filed a Motion to Waive Plaintiff's Deposition, dkt. 61, and a Motion to Compel Discovery, dkt. 62, which were stricken by the Court on December 1, 2020 for failure to meet and confer and comply with the Local Civil Rules.

4

On December 18, 2021, Defendant filed a notice informing the Court of Plaintiff's failure to file an opposition to either the Motion for Sanctions or the Motion to Dismiss. Dkt. 66.

On December 21, 2020, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders ("OSC"). Dkt. 67. The Court ordered Plaintiff to respond no later than January 4, 2021 by either (1) filing a written response explaining why the action should not be dismissed for failure to prosecute and comply with Court orders or (2) voluntarily dismissing this action without prejudice. Id. at 3-4. The Court expressly cautioned Plaintiff that "**if he fails to respond to the Court . . . by January 4, 2021, the Court will dismiss this action with prejudice for failure to prosecute and comply with Court orders**." Id. at 4 (citing FED. R. CIV. P. 41(b)) (emphasis in original).

On January 22, 2021, having received neither an opposition to the Motion for Sanctions nor Motion to Dismiss, nor a response to the OSC, the Court issued a Report and Recommendation the Motion to Dismiss be granted based on Plaintiff's failure to oppose the Motion to Dismiss and failure to prosecute the action. Dkt. 68.

On February 3, 2020, Plaintiff filed an untimely Opposition to the Motion to Dismiss and Motion for Sanctions. Dkt. 70.

On February 25, 2020, Defendant filed a Reply in support of both Motions. Dkt. 72. Defendant stated the parties had attempted to schedule a remote deposition by videoconference, but were unsuccessful, and Plaintiff has failed to appear for four "test runs" for the deposition. Dkt. 72 at 4-5, Declaration of David Pinchas in Support of Reply ("Pinchas Decl."), ¶ 3. According to Defendant's counsel, Plaintiff appeared "on the 5th scheduled test run from an internet café in Tijuana, Mexico, but there were significant problems with the audio" and screen-sharing capabilities. Id. Defendant's counsel stated he attempted to schedule another test run for the

1 deposition, but the last communication he received from Plaintiff was on January 20,
2 2021. Id., ¶ 4.

### D.  MARCH 1, 2021 ORDER AND DEPOSITION STATUS

On March 1, 2021, the Court issued a final Order directing the parties to cooperate in scheduling and conducting Plaintiff's deposition. Dkt. 73. Defendant was ordered to propose three dates for the deposition within five days of the Order, and Plaintiff was ordered to respond within 48 hours to confirm a date for the deposition. Id. The parties were ordered to conduct the deposition no later than March 31, 2021. Id. Defendant was directed to file a status report within seven days of the deposition. Id. The Court reminded Plaintiff it was his responsibility "**to ensure he has access to reliable audio and video capabilities if the deposition is by videoconference**" and warned Plaintiff, "Failure to meet these requirements in a way that prevents the deposition from moving forward on the agreed-upon date shall be considered a failure to appear at the deposition." Id. The Court further warned, "**Plaintiff is expressly cautioned that if he fails to appear for his deposition by March 31, 2021, the Court will recommend the District Judge grant Defendant's Motion for Sanctions and/or Motion to Dismiss with prejudice for failure to prosecute and comply with court orders.**" Id. (emphasis in original) (citing FED. R. CIV. P. 41(b)).

On April 1, 2021, Defendant filed a Status Report, stating (1) on March 5, 2021, four days after the Order, Defendant emailed Plaintiff with three proposed dates for Plaintiff's deposition and reminded him of his obligation to respond within 48 hours; (2) Plaintiff failed to respond to until ten days later; (3) Plaintiff and Defendant ultimately agreed on a deposition to take place by videoconference via WebEx on March 24, 2021, which was confirmed in writing; and (4) Plaintiff failed to appear at the deposition on March 24, 2021 "at the agreed upon time of 10:00 a.m." due to internet connectivity and WebEx invitation issues. Dkt. 74. After Plaintiff did

not appear, the deposition concluded at 12:02 p.m. Declaration of David Pinchas in Support of Status Report ("Pinchas Status Decl."), ¶¶ 2-10.

On April 13, 2021, the Court issued a Report and Recommendation recommending the Motions should be granted and the action dismissed with prejudice. Dkt. 75.

On May 4, 2021, Plaintiff filed Objections to the Report and Recommendation and a "Request for an Extension of Time Until April 30, 2021 to Conduct Deposition." Dkt. 77. On May 7, 2021, Defendant filed a Response to Plaintiff's Objections and an Opposition to the Request for Extension of Time. Dkt. 78. The Court addresses Plaintiff's Objections and Request for Extension of Time in footnote three of this Final Report and Recommendation.

The matter thus stands submitted.

## III.

## DISCUSSION

### A. DEFENDANT'S MOTION FOR SANCTIONS SHOULD BE GRANTED

#### 1. Applicable Law

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981). To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958). Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault. Henry v. Gill Indus, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th

7

Cir. 2002). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991).

**2. Analysis**

Here, case-dispositive sanctions are warranted because Plaintiff has acted willfully in failing to comply with his discovery obligations and Court orders. Plaintiff fails to demonstrate his conduct, including refusing to appear for his noticed deposition on two occasions, is outside his control. Rather, Plaintiff's repeated failure to timely communicate with Defendant's counsel, file a motion for protective order before failing to appear at his Court ordered depositions, or otherwise comply with Court orders demonstrates a willful disregard for discovery rules and Court orders. See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders."). Notably, it was Plaintiff who sought modification of the deposition format to permit deposition via video, but then claimed he did not have access to the internet on the eve of the deposition. Pinchas Sanctions Decl., ¶¶ 6, 8. Defendant's counsel made multiple attempts to accommodate Plaintiff after Plaintiff failed to appear for his October 22, 2020 deposition. Dkt. 72. Defendant's counsel attempted to schedule and practice multiple "test runs" for the deposition to proceed by videoconference; however, Plaintiff failed to appear for four "test runs" and on the fifth test run, technological issues prevented the deposition from proceeding. Id. The Court nonetheless granted Plaintiff one final opportunity to cooperate and schedule and attend his deposition. Dkt. 73. Once again, however, Plaintiff failed to appear at his March 24, 2021 deposition despite having been warned that it was his

responsibility to ensure all technical requirements were met and that failure to do so would be considered failure to appear.[3] Dkt. 74.

Under these circumstances, Plaintiff's repeated failure to timely respond to Defendant's communications, appear for his deposition, and comply with Court orders constitutes willful misconduct sufficient to justify the imposition of case-dispositive sanctions. See Fair Hous. of Marin, 285 F.3d at 905; Saravia v. Dynamex, Inc., No. C 14-05003-WHA, 2016 WL 5952700, at *4 (N.D. Cal. Sept. 30, 2016) (dismissing plaintiffs from action with prejudice where plaintiffs failed to offer any excuse for repeatedly failing to appear at their depositions); Attebery v. Uhl, No. 2:10-CV-01341-MCE, 2012 WL 3150273, at *1 (E.D. Cal. Aug. 1, 2012) (dismissing action with prejudice for failure to respond to discovery, appear at deposition, or pay previously ordered monetary sanctions). Hence, Defendant's Motion for Sanctions pursuant to Rule 37(b)(2)(A)(v) should be GRANTED.

///
///

---

[3] Plaintiff argues he should be granted yet another extension of time to appear for a deposition claiming technical difficulties prevented him from appearing for his March 24, 2021 deposition and that he "attempted to call, text and email" Defendant's counsel, but Defendant's counsel "did not answer anymore." Dkt. 77. First, in the Court's March 21, 2021 Order granting Plaintiff a final extension of time, Plaintiff was specifically warned that it was his responsibility to ensure all technical requirements were met, but he nevertheless failed to appear for his deposition. Dkt. 73. Second, while Plaintiff claims there was a "generalized internet interruption" and when he finally had internet and tried to join the meeting he received a message that the meeting "was cancelled", dkt. 77 at 1, Defendant's counsel states in his declaration that after Plaintiff texted him during the morning of the deposition that "[i]t says the meeting has been cancelled", Defendant's counsel was able to join the meeting using his personal email from the same link the court reporter had sent to Plaintiff, dkt. 78 at 4-6, Declaration of David Pinchas in support of Response to Objection and Opposition to Extension ("Pinchas Response Decl."), ¶¶ 6-7. In addition, Defendant's counsel states that at 2:30 p.m. on the day of this deposition, he when he saw Plaintiff had attempted to contact him half an hour earlier, Defendant's counsel texted Plaintiff, but Plaintiff never responded. Pinchas Response Decl., ¶ 9. Hence, Plaintiff's request for a further extension of time should be DENIED.

## B. DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED

### 1. Applicable Law

In addition, "[t]his Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution." Attebery, 2012 WL 3150273, at *1 (citing Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962)); see also FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (noting district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders and stating the standard applied to dismiss actions for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (applying factors where party failed to comply with discovery orders). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

### 2. Analysis

Here, dismissal of this action is appropriate due to Plaintiff's failure to prosecute. The first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissing the action. Plaintiff has failed to diligently prosecute this action based on his apparent inability or unwillingness to meaningfully participate in his deposition and his repeated

failure to appear for deposition. The discovery cut-off in this action was continued from November 1, 2020 to March 31, 2021 to allow Plaintiff's deposition to proceed, and the Court has continued the substantive motion cut-off due to Plaintiff's inability to attend his deposition. Dkt. 73. Despite these continuances, Plaintiff has still not appeared for his deposition as ordered. This failure to prosecute and failure to abide by Court orders prevents the expeditious resolution of litigation and impedes the Court's need to manage its docket.

The third factor -- prejudice to Defendant -- also weighs in favor of dismissing the SAC. Defendant first noticed Plaintiff's deposition for October 22, 2020– over five months ago – and have made repeated efforts to accommodate Plaintiff's requests to continue the deposition and have it conducted remotely. Pinchas Sanctions Decl., ¶ 5; Dkts. 72, 74. Plaintiff's failure to appear for his deposition, or properly meet and confer regarding his deposition, has deprived Defendant "of any meaningful opportunity to follow up on [] time-sensitive information or to incorporate it into litigation strategy." Fair Hous. of Marin, 285 F.3d at 906. Plaintiff's refusal to comply with his discovery obligations, therefore, prejudices Defendant's ability to defend himself and adequately prepare for trial. See Adriana Int'l Corp., 913 F.2d at 1412 ("[R]epeated failure of [plaintiffs] to appear at scheduled depositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case."); Reddy v. Gilbert Med. Transcription Serv., Inc., No. CV 10-0524-JFW (DTB), 2011 WL 13176583, at *6 (C.D. Cal. Feb. 4, 2011), aff'd, 467 F. App'x 622 (9th Cir. 2012) (dismissing case, finding "plaintiff's 'repeated failure to provide [discovery] in a timely fashion [has] prejudiced the ability of [the defendants] to prepare their case for trial'").

The fourth factor -- resolution of cases on their merits -- always weighs against dismissal. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). Under the circumstances of this case, however, the policy favoring resolution on the merits does

1 | not outweigh Plaintiff's repeated failure to comply with his discovery obligations and Court orders. Id.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissing the action. The record demonstrates Plaintiff has been given numerous opportunities to comply with his discovery obligations and participate in his deposition. After Plaintiff's failure to appear at his October 22, 2020 deposition, the Court issued an Order on December 21, 2020 warning Plaintiff that the failure to prosecute and comply with Court orders would result in dismissal of the instant action. Dkt. 67. The Court then provided Plaintiff a final opportunity to attend a remote deposition by March 31, 2021 and expressly warned that failure to appear for his deposition would result in a recommendation that the case be dismissed. Dkt. 73. In addition, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff was explicitly warned on two occasions that failure to cooperate in his deposition would result in this action being dismissed. Dkts. 67, 73. Plaintiff received further notification of his right to file objections with the original Report and Recommendation. However, Plaintiff's Objections fail to set forth any basis for altering the Court's previous recommendation that the action be dismissed with prejudice.

///
///
///
///
///
///
///
///
///

## IV.
## **RECOMMENDATION**

Accordingly, it is recommended that the District Court issue an order: (1) accepting this Final Report and Recommendation; (2) GRANTING Defendant's Motion for Sanctions; (3) GRANTING Defendant's Motion to Dismiss; (4) DENYING Plaintiff's Request for Extension; and (5) directing Judgment be entered dismissing this action with prejudice.

Dated: May 25, 2021

HONORABLE KENLY KIYA KATO
United States Magistrate Judge